## Dundore Manufacturing Co. v. Flexo Film & Chemical Co.

*Practice C. P.—Assumpsit—Suit on book account—Statement—Vagueness of statement—Lumped charges—Statement for moneys loaned.*

1. In an action against a corporation on a book account, defendant's rule to strike off plaintiff's statement of claim on the ground of vagueness and uncertainty will be made absolute with leave to amend where the statement shows an account of materials and labor in lumped charges.

2. Moneys loaned, advanced or disbursed are not proper items of charge in a book account upon which a suit can be founded.

*Practice C. P.—Assumpsit—Suit against corporation—Statement—Averment of agent dealt with and his authority.*

3. In an action against a corporation on a book account, a statement is objectionable which does not name or designate the officer or person with whom the plaintiff dealt on behalf of the corporation, and fails to aver his authority.

Rule to strike off statement of claim. C. P. Berks Co., Sept. T., 1925, No. 88.

*Robert Grey Bushong,* for defendant and rule; *H. F. Kantner,* contra.

SCHAEFFER, P. J., July 16, 1926.—Both the plaintiff and the defendant are corporations.

The plaintiff has filed its statement of claim averring that "plaintiff, at the special instance and request of the defendant, sold and delivered to said defendant, machinery, castings, rollers, plant equipment, etc., and performed work and labor for the defendant in repairing, adjusting and installing the same, at the times, in the amounts, of the kinds and for the prices set forth in a true and correct copy of account taken from the plaintiff's book of original entry, hereto attached, and marked Exhibit 'A.' Exhibit 'A,' attached to the statement, is labeled 'Itemized Statement of our Sales Sheet.'" The statement also avers that the plaintiff, "at defendant's verbal order and request and upon its verbal promise to pay therefor, at various times, charged the defendant with actual cash disbursements made by it on defendant's order and account, incident to and in connection with the aforesaid sale and delivery of said machinery and equipment and services and repairs, as appears in detail by the items of expense and disbursements shown and charged in Exhibit 'A.'"

The defendant has moved to strike off plaintiff's statement of claim for the reason that it is vague and uncertain and that the copy of the book account declared on contains items of moneys advanced and explanatory notes which have no place in a properly kept book of accounts.

We are of the opinion that these objections must be sustained. The suit is obviously founded upon a book account, and an inspection of the account attached shows items such as the following:

Dundore Manufacturing Company v. Flexo Film & Chemical Company.

"May 11, S. S. No. 6106.
1—Nickel Sheet Steel Feed Box,

Materials .................................$ 109.13
Labor ................................... 1,246.29
                                    ————$1,355.42"

and other items of "labor, $1093.88," "labor, machining and polishing, $590.45." These and other lumping charges are not proper items in a book account.

The account is objectionable, also, in that it contains items of cash disbursed. It is needless to cite authorities in support of the proposition that moneys loaned, advanced or disbursed are not proper items of charge in a book of account upon which a suit can be founded.

As the action is against a corporation, the statement is open to the further objection that it does not name or designate the officer or person with whom the plaintiff dealt on behalf of the defendant corporation, nor does it aver his authority. Who, on behalf of the defendant, verbally or orally requested or promised to pay for the cash actually disbursed by plaintiff on defendant's account? What was his authority?

And now, July 16, 1926, the rule to show cause heretofore granted is made absolute, with leave to the plaintiff to file a new or amended statement of claim.

From Charles K. Derr, Reading, Pa.